Dear Ms. Shirley:
This office is in receipt of your opinion request, which concerns a request by an ambulance service company for an occupational license Concordia Parish. Specifically, your request states, "The president of Med-Express Ambulance Services appeared requesting an occupation license to service Concordia Parish and the surrounding area. After a detailed discussion concerning the matter a motion was made by Mr. Red Tiffee, seconded by Mr. Melvin Ferrington, to table the occupational license until the jury can get an Attorney General's opinion to see if the jury can issue an occupational license when Med-Express has filed a law suit against Riverland Hospital which is under the auspice of the Police Jury."
After receiving the request I have received additional information from you in connection with this opinion. I received a copy of the suit (Petition On Open Account) filed on behalf of Med-Express Ambulance Service, Inc., a Louisiana Corporation naming Riverland Medical Center as a defendant. I received a copy of certain exceptions filed to the lawsuit on behalf of Riverland Medical Center and a copy of the local ordinances dealing with the ambulance service permits and regulations.
The ordinances provide that no owner or operator of an ambulance shall respond to any request for ambulance services originating and terminating within the Parish of Concordia without first obtaining a permit to operate an ambulance service from the Concordia Parish Police Jury.
Section 5-3 of the Concordia Parish code provides:
 Applicants for permits shall be made to the police jury upon forms prescribed by it and shall include:
 (1) The name and address of the owner or operator of the ambulance.
 (2) A description of the ambulance(s), including the make, model, year of manufacture, Louisiana license number for the current year, motor and chassis number and a statement regarding the length of time the vehicle has been in use.
 (3) The location and description of the place or places from which such ambulance(s) is intended to operate.
 (4) Proof of insurance in such form and in such amounts as required by this chapter.
 (5) Financial statements, including balance sheets and profit and loss statements, for a period of not less than two (2) years or, in the case of an applicant for a permit who has not been proving ambulance service for a minimum of two (2) years, financial statements, including balance sheets and profit and loss statements, and federal tax returns of the principals of such applicant, for a period of not less than two (2) years.
 (6) Such other information as the police jury shall find reasonably necessary to make a fair determination of whether the provisions of this article have been complied with.
Finally, Sec. 5-5 provides:
 In determining whether a permit shall be issued, the parish president shall give weight and due regard, among other things, to:
 (1) The probable performance and quality of the service offered by the applicant to include, among other things, proof of financial responsibility, the establishment and maintenance of a bona fide office in Concordia Parish from which the service is offered, and the ability of the applicant to provide both twenty-four (24) hour emergency and non-emergency response.
 (2) The experience that the applicant has had in the rendering of service in the parish or elsewhere.
 (3) The financial ability of the applicant to respond to damages and the past experience in payment of judgments and satisfaction of claims, if any, arising out of the operation of such vehicles.
 (4) That insurance as required by this chapter has been secured.
 (5) The character and condition of the vehicle(s) to be used as determined after certification as required by this chapter and the ability of the applicant to have at least three (3) advanced life support ambulances staffed twenty-four (24) hours a day seven (7) days a week all of which are capable of providing advanced life support care by an emergency medical technician-paramedic.
 (6) That all requirements of this chapter and all other applicable laws and ordinances have been complied with.
 Upon finding that a permit shall be issued, the police jury shall issue to the applicant a permit authorizing the owner or operator an ambulance service to operate within the Parish of Concordia. (Ord. No. 639, 9-22-97)
It is the opinion of this office that the Concordia Parish Police Jury can issue an occupational license if the applicant meets all the requirements of the ordinances. The Police Jury is not prohibited from issuing an occupational license to Med-Express simply because a lawsuit has been filed against Riverland Hospital by the ambulance company.
I believe that this should address your question. Should you have any further comments please do not hesitate to contact our office.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 By: __________________________ CHARLES H. BRAUD, JR. Assistant Attorney General
RPI:CHB, Jr/mjb